## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **KEEGAN ALLANACH**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**THE GLENRIDGE ON PALMER RANCH, INC.**, a Florida corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 8:21-cv-041<br><br>Judge:<br><br>Mag. Judge: |

### COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **KEEGAN ALLANACH** ("**ALLANACH**" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

### CAUSES OF ACTION

1. This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII) and the Florida Civil Rights Act of 1992 (FCRA) for (1) gender discrimination in violation of Title VII, and (2) gender discrimination in violation of the FCRA.

### PARTIES

2. The Plaintiff, **KEEGAN ALLANACH** ("**ALLANACH**" or "Plaintiff") is an individual and was a resident of Florida at all times relevant to this action, and was employed by Defendant, **THE GLENRIDGE ON PALMER RANCH, INC.** ("GLENRIDGE" OR "Defendant).

3. Defendant, **GLENRIDGE** is a Florida corporation located in Sarasota, Florida. **GLENRIDGE** is an employer under Title VII and the FCRA.

1

4. At all material times, **GLENRIDGE** employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over **ALLANACH**'s state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Sarasota County, Florida, which is within the Middle District of Florida. Venue is proper in the Tampa Division under Local Rule 1.02(b)(5) since Sarasota County is within the Fort Myers Division.

8. **ALLANACH** received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on October 26, 2020 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A).

## GENERAL ALLEGATIONS

9. **ALLANACH** began her employment with **GLENRIDGE** on or about March 25, 2020, and was employed as a LPN.

10. **ALLANACH** always performed her assigned duties in a professional manner and was very well qualified for her position.

11. **ALLANACH**, by virtue of her gender, and more specifically – her transgender status – is a member of a protected class.

12. When **ALLANACH** applied for employment with **GLENRIDGE**, she properly indicated her gender was female.

Case 8:21-cv-00041-VMC-AEP   Document 1   Filed 01/07/21   Page 3 of 7 PageID 3

13. **ALLANACH** was interviewed by **GLENRIDGE** in March 2020 and was presented with a conditional offer of employment shortly thereafter.

14. However, **GLENRIDGE**'s human resources department then learned of **ALLANACH**'s transgender status after a check of her Social Security Number revealed it indicated she was a male.

15. **ALLANACH** then disclosed her transgender status to **GLENRIDGE** and provided documentation confirming her gender change.

16. At the start of **ALLANACH**'s employment, her supervisor was enthusiastic about her employment and was upbeat and respectful around her.

17. But shortly after **ALLANACH** began her employment with **GLENGRIDGE**, her supervisor was informed of her transgender status and then began making inappropriate remarks to **ALLANACH** about the same.

18. **ALLANACH**'s supervisor then abruptly terminated her employment on April 15, 2020, for a nonexistent policy that she claimed **ALLANACH** violated, which policy (if it existed) was violated by dozens of similarly situated employees outside of **ALLANACH**'s protected class.

19. **GLENRIDGE**'s decision to terminate **ALLANACH**'s employment was predetermined and predicated on her gender.

20. **GLENRIDGE** has violated Title VII and the FCRA.

**COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, GENDER DISCRIMINATION**

21. Plaintiff incorporates by reference Paragraphs 1-20 of this Complaint as though fully set forth below.

22. **ALLANACH** is a transgender female and as such, is a member of a protected class.

23. At all material times, **ALLANACH** was an employee and **GLENRIDGE** was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

24. **ALLANACH** was, and is, qualified for the positions that she held with **GLENRIDGE**.

25. **ALLANACH** has endured disparate treatment while employed with **GLENRIDGE**, thereby altering the terms and conditions of her employment.

26. The acts, failures to act, practices and policies of **GLENRIDGE** set forth above constitute intentional discrimination on the basis of **ALLANACH**'s gender in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

27. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, **ALLANACH** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

28. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **ALLANACH** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

29. As a direct and proximate result of **GLENRIDGE**'s actions, **ALLANACH** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

30. **ALLANACH** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all gender discrimination against employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendants to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

**COUNT II – VIOLATION OF THE FLORIDACIVIL RIGHTS ACT OF 1992, GENDER DISCRIMINATION**

31. Plaintiff incorporates by reference Paragraphs 1-20 of this Complaint as though fully set forth below.

32. **ALLANACH** is a female and as such, is a member of a protected class.

33. At all material times, **ALLANACH** was an employee and **GLENRIDGE** was her employer covered by and within the meaning of the FCRA.

34. **ALLANACH** was, and is, qualified for the positions that she held with **GLENRIDGE**.

35. **ALLANACH** has endured disparate treatment while employed with **GLENRIDGE**, thereby altering the terms and conditions of her employment.

36. The acts, failures to act, practices and policies of **GLENRIDGE** set forth above constitute intentional discrimination on the basis of **ALLANACH**'s gender in violation of the FCRA.

37. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, **ALLANACH** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

38. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **ALLANACH** is entitled to all relief necessary to make her whole as provided for under the FCRA.

39. As a direct and proximate result of **GLENRIDGE**'s actions, **ALLANACH** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

40. **ALLANACH** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all gender discrimination against employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

    iii.      Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

    iv.      Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

    v.      Declaratory relief declaring the acts and practices of Defendants to be in violation of the statute cited above;

    vi.      Reasonable attorney's fees plus costs;

    vii.      Compensatory damages, and;

    viii.      Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **KEEGAN ALLANACH**, by and through her undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: January 7, 2021      **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com